J. S16031/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
                    Appellee :
                             :
        v. :
                             :
CHRISTOPHER L. ORTIZ, :
                             :
                    Appellant : No. 1924 EDA 2015

Appeal from the PCRA Order June 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014133-2008

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

CONCURRING AND DISSENTING MEMORANDUM BY DUBOW, J.:

**FILED July 1, 2016**

I agree with the majority that remand is necessary for a hearing on Appellant's ineffective assistance of counsel claim for failing to present the testimony of Kaleem Stevenson at trial. However, unlike the majority, I conclude that the PCRA court did not abuse its discretion in finding that Appellant was not entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to call Ripka as an alibi witness.

The statement of the investigator who interviewed Ripka indicates that Appellant called Ripka on the day of trial to see if Ripka was able to testify on his behalf, but that Ripka was unable to testify because he had moved to Florida. The statement does not make even a *prima facie* claim that Ripka was available at trial, or would have been available but for counsel's

ineffectiveness. Therefore, on the face of Appellant's claim, the trial court properly concluded Appellant had failed to make the necessary showing that Ripka was available to testify at trial. ***Commonwealth v. Washington***, 927 A.2d 586, 599 (Pa. 2007) (reiterating that a PCRA petitioner cannot prevail on a claim of trial counsel's ineffectiveness for failure to call a witness unless the petitioner shows that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial").

Therefore, I concur in the order to remand for an evidentiary hearing as to Appellant's ineffective assistance of counsel claims for failure to call Mr. Stevensen, but respectfully dissent from the decision to grant an evidentiary hearing as to Appellant's ineffective assistance of counsel claims for failing to call Mr. Ripka. I disagree with the majority because the certification should explicitly state that the alibi witness was available to testify; it is not sufficient for the trial court to infer this from the statements in the certification.

Accordingly, I would remand for a hearing only on Appellant's ineffectiveness claim as it pertains to Mr. Stevenson.